MURDOCK, Justice
(dissenting).
I respectfully dissent.
I disagree with the interpretation in the main opinion of the circuit court’s judgment. The judgment was entered after a trial on the merits as to the issue whether the purported will was invalid because of “undue influence by the. Defendant [Ray], lack of testamentary capacity on the part of the decedent, improper execution of the instrument, and general invalidity of the purported Will.” The judgment reflects an adjudication that the instrument at issue, “as a will[,] ... bequeaths the decedent’s ‘tractor’ to Brian Ray.” As such, the judgment necessarily adjudicates that the instrument is a valid will, at least in some respect, and the judgment necessarily denies the claim that the will was invalid because of undue influence by Ray, lack of testamentary capacity, etc. That conclusion is further supported by the fact that the circuit court denied Ray’s motion for -a new trial, in which he argued that the judgment does not “render a final judgment on all issues presented at trial.”' Accordingly, I would affirm that portion of the trial court’s judgment constituting its adjudication that the will is the testator’s valid will, and I would vacate the judgment insofar as it purports to address the terms of the will and their effect—the latter matters not being within the limited jurisdiction of the circuit court in a will-contest proceeding under § 43-8-198, Ala. Code 1975.
Further, if the main opinion’s interpretation of the judgment were correct, the proper course would' be to dismiss the appeal as being from a nonfinal judgment. Section 12-22-21(1), Ala. Code 1975, states that an appeal may be taken “[f]rom the decree, judgment or order on a contest as to the validity of a will, to be taken within 42 days after the determination of the contest.” Yet, the main opinion concludes that this Court “cannot say that.the court reached the issue' of the validity of the will.” 225 So. 3d at 35.[4] Either the circuit court did or it' did not adjudicate “the validity of the will.” If it did not adjudicate the validity of the will, there has been no “determination of the contest” that would support an appeal under § 12-22-21(1). If the circuit court did adjudicate the validity of the will, but this Court cannot discern what the' circuit court’s conclusion was in that respect, a limited'remand for clarification would be in order. But I fail to see on what basis this Court can “reverse” a judgment this Court posits does not adjudicate the issue on which the appeal of that judgment must be premised.

. Note 3 of the main opinion reflects a misunderstanding of § 12-22-21(1) and fails to take into account that any judgment as to which an appeal is sought must reflect a “determination of the contest.”